IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JAVIER DÍAZ-CASTRO (4),

Petitioner,

v.                                              CIVIL NO. 16-1044 (GAG)

UNITED STATES OF AMERICA,

Respondent.

## ORDER

Presently before the Court is Defendant Javier A. Díaz-Castro's motion for reconsideration asking the Court to issue a certificate of appealability. (Docket No. 6.) The motion is hereby **DENIED**.

The motion challenges on appeal the imposition of mandatory minimum sentences of ten years, imposed concurrently for the two drug counts, followed by consecutive mandatory minimum sentences of five and twenty-five years for distinctively separate offenses under 18 U.S.C. § 924(c). Díaz-Castro argues that his sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. This matter has been considered and rejected by the United States Supreme Court and Courts of Appeals, including the First Circuit. See Harmelin v. Michigan, 501 U.S. 957 (1991) (holding that congressional mandatory minimum sentences are not unusual under the Eighth Amendment); United States v. Polk, 546 F.3d 74 (1st Cir. 2008); see also United States v. Reingold, 731 F.3d 204 (2d Cir. 2013); United States v. MacEwan, 445 F.3d 237 (3d Cir. 2006); United States v. Kratsas, 45 F.3d 63, 68 (4th Cir. 1995); United States v. Hughes, 632 F.3d 956 (6th Cir. 2011); United States v. Ousley, 698 F.3d 972 (7th Cir. 2012); Simmons v. Iowa, 28 F.3d 1478 (8th Cir. 1994); United States v. Gomez, 472

**Civil No. 16-1044 (GAG)**

F.3d 671 (9th Cir. 2006); United States v. Angelos, 433 F.3d 738 (10th Cir. 2006); United States v. Murillo-Guzman, 845 F.2d 314 (11th Cir. 1988).

The fact that the undersigned, as stated during sentencing, understands that a sentence less than the 40 years imposed would have been more than appropriate for this defendant, fares him no better. The Court is obliged to follow Congress's constitutionally valid mandate, whether in agreement or not.

Also, the Court notes that this case cannot simply be characterized, as Díaz-Castro suggests, as a drug case with a high mandatory minimum. At the time of the commission of the offenses at bar, Díaz-Castro was a Puerto Rico police officer whose sworn duty was to "serve and protect" the citizenry of this United States jurisdiction. He chose to violate his sacrosanct oath, not only by participating in narcotics transactions, but also by using his firearm in furtherance of such transactions. Hence, he is not an individual who deserves pity, even were the Court not bound by the addition of his three minimum consecutive sentences. Regardless of the statutory minimums, the Court would have imposed a severe sentence under 18 U.S.C. § 3553(a), which, though less severe than 40 years, would not have been the slap on the wrist that he would now like it to be.

Notwithstanding the above, the undersigned alludes to his opinion in United States v. Amaro Santiago, 998 F. Supp. 2d 1 (D.P.R. 2014). The defendant in that case was convicted and sentenced as a result of the same FBI operative as Díaz-Castro, to wit, "Operation Guardshack." Said defendant, like Díaz-Castro, received a mandatory minimum sentence of 10 years on a drug count, followed by a consecutive five year mandatory sentence on a weapons count. While the Court was unable to sentence him below the congressionally-mandated penalty, or to fashion any other remedy, the undersigned noted the following constitutional conundrum:

**Civil No. 16-1044 (GAG)**

> Amaro, by virtue of his birth in the Commonwealth on September 1, 1972 has always been a United States citizen. Notwithstanding, Amaro, as well as more than 3.5 million other United States citizens residing in Puerto Rico, have historically lived under a system of federal laws in which the constitutional principle of consent of the governed is a fallacy. This is so because the People of Puerto Rico have never been able, as residents of the territory and then the Commonwealth, to vote for our Nation's executive and congressional officers, who, in turn, enact and execute its laws. Neither Amaro, nor his lineage have participated through elected representatives in the process of enacting the drug and weapon statutes under which he now stands convicted, contrary to the residents of the fifty states. The fact that Amaro is now a federal convict does not affect this predicament . . .
>
> The future status of the Commonwealth is a question for the Congress and the People of Puerto Rico to decide, and not this court. However, I concur with Judge Cassellas that the People of Puerto Rico and the political branches in our Nation's Capital should 'urgently review the relationship in order to provide for greater participation and a more specific mechanism of consent by the People of Puerto Rico to the applicability of federal laws in the Commonewalth.' <u>Until such time, the Federal District Court in Puerto Rico will continue to be part of a constitutionally valid, yet flawed system of American Government.</u>

<u>United States v. Amaro Santiago</u>, 998 F. Supp. 2d at 3-4. (citations omitted).

  This very predicament applies to the Díaz-Castro case. While the undersigned is powerless to craft any remedy, as a matter of principle he must vehemently denounce the same again. It is a throwback to colonial times when the British crown taxed and governed its colonies without representation, and also took away from the citizenry in America many of the sacred rights which are today enshrined in our Constitution. Nonetheless, for the reasons described above, Díaz-Castro's motion for reconsideration is without merit and it is hereby **DENIED.**

                /s/ Gustavo A. Gelpi
                GUSTAVO A. GELPI
                United States District Judge